NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1163

HOLLY JORDAN

VERSUS

SAFEWAY INSURANCE COMPANY
OF LOUISIANA, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT,
PARISH OF BEAUREGARD, NO. 2005-0533
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

AFFIRMED.

R. Scott Iles
Attorney at Law
Post Office Box 3385
Lafayette, LA 70502
(337) 234-8800
COUNSEL FOR PLAINTIFF/APPELLEE:
    Holly Jordan

Melissa F. Doise
Post Office Box 4305
Lafayette, LA 70502-4305

**(337) 232-1604**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Safeway Insurance Company of Louisiana**
    **David Husband**

**MEMORANDUM OPINION**

PETERS, J.

This appeal arises out of a judgment in a suit for personal injury and property damages in connection with an automobile accident that occurred in a Wal-Mart Super Center (Wal-Mart) parking lot in DeRidder, Louisiana, on February 14, 2005. The defendants, David Husband and his liability insurer, Safeway Insurance Company of Louisiana, appeal the trial court's assessment of 100% fault to Mr. Husband as well as its award of $11,500.00 in general damages to the plaintiff, Holly Jordan. Finding no manifest error in the trial court's assessment of fault and no abuse of discretion in its award of general damages, we affirm the trial court judgment in all respects. We also reject the plaintiff's answer to the appeal in which she seeks damages for frivolous appeal.

On February 14, 2005, a vehicle driven by Ms. Jordan and a vehicle driven by Mr. Husband collided in a Wal-Mart parking lot as Ms. Jordan attempted to back out of a parking place. The area of the parking lot in which the accident occurred has two travel lanes, one for eastbound traffic and one for westbound traffic. The accident occurred as Ms. Jordan attempted to back out of a parking space into the eastbound lane, her lane of travel, while Mr. Husband, who was traveling west, had veered into the eastbound lane in an effort to avoid pedestrian traffic in the westbound lane. The impact damaged the rear taillight on the driver's side of Ms. Jordan's vehicle and damaged the driver's side rear quarter panel of Mr. Husband's vehicle.

Ms. Jordan testified that, before attempting her backing maneuver, she looked "both ways," but that she never saw Mr. Husband's vehicle prior to the impact. According to Ms. Jordan, she had backed out only about a foot or a foot and a half when she felt the impact of the collision. Mr. Husband acknowledged that he was in

the eastbound lane when the impact occurred, but testified that he had entered that lane to avoid three children who had run out from behind another vehicle. He testified that, when he observed the children, he stopped his vehicle, blew his horn, and "pulled over in front of them lightly to ease by them." However, he acknowledged that, in his deposition taken prior to trial, he had stated that he sped around the children to avoid hitting them. In either event, according to Mr. Husband, he then observed that the vehicle driven by Ms. Jordan "just come out all at once."

After the trial court rendered judgment in favor of Ms. Jordan and against Mr. Husband and his liability insurer, the defendants perfected this appeal. In the appeal, the defendants assert that the trial court erred in finding no fault on the part of Ms. Jordan in causing the accident and in awarding her $11,500.00 in general damages. Ms. Jordan answered the appeal, seeking damages for frivolous appeal.

The issue of fault is factual in nature, and an appellate court may not reverse a trial court's factual determinations absent manifest error or a finding that they were clearly wrong. *Stobart v. State, Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). In this matter, the trial court concluded that Mr. Husband was aware of Ms. Jordan's backing vehicle, that he was in a better position to be aware of her vehicle because the activity was in front of him, and that he had deviated from his lane of travel into Ms. Jordan's lane of travel. The trial court obviously credited Mr. Husband's deposition testimony with regard to the speed with which he performed his avoidance maneuver because the trial court concluded that Mr. Husband moved swiftly to avoid either the people walking in his travel lane or the collision. Regarding Ms. Jordan's actions, the trial court found that she looked both ways before backing her vehicle and that it was understandable that she might not have seen Mr. Husband's vehicle

2

because of the speed with which he was traveling. In reaching these factual conclusions, the trial court determined that Ms. Jordan had a right to assume that her lane of travel would remain clear, after having looked around to insure that it was clear, and that no one would move into her lane of travel "either suddenly or precipitously." The record supports the trial court's credibility calls and factual determinations, and, having reviewed the record in its entirety, we do not find that the trial court's fault allocation to Mr. Husband was manifestly erroneous or clearly wrong.

With regard to Mr. Husband's complaint concerning the award of general damages, we note that "the discretion vested in the trier of fact is 'great,' and even vast, so that an appellate court should rarely disturb an award of general damages." *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1261 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994). In fact, "only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances" should the appellate court increase or reduce the award. *Id.* at 1261. The evidence reflects that Ms. Jordan sustained a cervical, thoracic and lumbar strain in the accident and that she experienced pain and suffering and some limitation in her activities as a result of the accident. Based on the evidence, we find no abuse of discretion in the trial court's award of $11,500.00 in general damages.

Finally, Ms. Jordan has answered the appeal, seeking damages for frivolous appeal. "[I]t is well settled that pursuant to La.Code Civ.P. art. 2164, frivolous appeal damages are allowed only when it is obvious that the appellant took the appeal solely for the purpose of delay or that counsel is not sincere in the view of the law he

3

advocates. Appeals are always favored and the slightest justification for an appeal precludes such an award." *Daotheuang v. El Paso Production Oil & Gas Co.*, 06-403, p. 8 (La.App. 3 Cir. 9/27/06), 940 So.2d 752, 757. Although nonmeritorious, we find that the appeal was justified and therefore refuse to award damages for frivolous appeal.

## DISPOSITION

For the foregoing reasons, we affirm the judgment below in all respects. We tax costs of this appeal to David Husband and Safeway Insurance Company of Louisiana.

**AFFIRMED.**

This opinion is released as a Memorandum Opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.